**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**PEDRO CERUTTI, JR.,**

        **Plaintiff,**

**-vs-**                                                  **Case No. 6:11-cv-2023-Orl-28KRS**

**ORANGE COUNTY CORRECTION
DEPARTMENT, TIFFANY SMITH, and
SHANON BROWNING**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**    **AFFIDAVIT OF INDIGENCY (Doc. No. 2)**
>
> **FILED:**      **December 20, 2011**

> **MOTION:**    **MOTION FOR RELIEF OF ATTORNEY (Doc. No. 3)**
>
> **FILED:**      **December 27, 2011**

Plaintiff Pedro Cerutti, Jr. filed a civil rights complaint form against the Orange County Correction Department Internal Affairs Unit, and Orange County correction officers Smith and Browning. He alleges that Smith and Browning falsely accused him of indecent exposure. He alleges that his complaint is currently being investigated, apparently by the internal affairs unit. He asks that

the Court require the officer who is investigating his claim to turn over a tape recording made of the incident. He also makes passing references to defamation, sexual harassment, extortion and destruction of property. He does not allege any violation of a federal statute, treaty or rule, and there is no basis for exercising diversity jurisdiction.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a Plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoner who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Cerutti has previously filed these claims arising from the events underlying the present case in Case No. 6:11-cv-1900-Orl-19KRS. The Court dismissed the original and amended complaint. The present complaint suffers from the same deficiencies identified by the Court in Case No. 6:11-cv-

1900-Orl-19KRS, Doc. Nos. 4 and 8. Because the Court has previously given Cerutti an opportunity to file an amended complaint, there appears to be no basis for giving him leave to amend in this case.

Accordingly, I **recommend** that the Court **DISMISS** the case, **DENY** the motion to proceed *in forma pauperis*, Doc. No. 2, and **DENY** the motion for relief of attorney, Doc. No. 3, and **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 5, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy